UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CURTIS E. RICHARDSON, ) | Case No.: 11-CV-1332-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING ATTORNEY'S |
| v. ) | FEES AND COSTS |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Curtis E. Richardson ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain review of the Social Security Administration Commissioner's ("Defendant's") decision denying his claim for disability benefits. Plaintiff sought an order reversing the decision and awarding benefits, or in the alternative an order remanding for further administrative proceedings. The parties filed cross-motions for summary judgment. After considering the parties' papers and the administrative record, the Court declined to reverse the ALJ and award benefits. *See* Dkt. No. 26 (order); Dkt. No. 32 (amended order correcting typographical error). However, the Court denied Defendant's motion, vacated the ALJ's decision, and remanded for further administrative proceedings. *See* Dkt. Nos. 26; 32. On November 2, 2012, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). *See* Dkt. No. 27 (Mot.). Defendant filed its opposition on November 16, 2012. *See* Dkt. No. 30 (Op.). Plaintiff filed his reply on November 21, 2012. *See* Dkt. No. 31. Having considered the parties' papers and

1

the administrative record, the Court DENIES Plaintiff's motion for attorney's fees for the reasons set forth below.

## I. BACKGROUND

On March 21, 2008, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, seeking benefits from February 14, 2006, the first work day after the alleged disability onset. Tr. 195-200. On October 28, 2010, the Administrative Law Judge (ALJ) issued a decision finding Plaintiff disabled, but not prior to September 22, 2009. Tr. 8-36.

The ALJ found that until September 22, 2009, Plaintiff had residual functional capacity (RFP) to perform "light work" involving simple repetitive tasks with limited overhead reaching, no climbing, no exposure to hazards or moving machinery, and allowance for three absences per month due to headaches. Tr. 23, 28. A vocational expert (VE) testified that based upon Plaintiff's RFP, Plaintiff could perform four jobs listed in the Dictionary of Occupational Titles (DOT) that exist in substantial numbers regionally and nationally: Cashier II, Office Helper, Merchandise Marker, and Pari-mutuel Ticket Seller.[1,2] Tr. 85-92. The ALJ relied upon this VE testimony, and found that "there would be a significant number of jobs in the national economy" that Plaintiff could perform. Tr. 26-28. Accordingly, the ALJ found that Plaintiff was not disabled prior to September 22, 2009. Tr. 30.

On December 17, 2010, Plaintiff filed a request for review with the Appeals Council. Tr. 6. On January 19, 2011, the Appeals Council declined to review the decision. Tr. 1-5. On March 31, 2011, Plaintiff appealed the ALJ's finding that the disability onset date was September 22, 2009, to this Court. Dkt. No. 1. Plaintiff moved for summary judgment on January 30, 2012. Dkt. No. 20. Defendant filed his opposition and cross-motion for summary judgment on April 2, 2012. Dkt. No. 24. Plaintiff filed his reply on April 11, 2012. Dkt. No. 25.

---

[1] At the August 10, 2010 hearing, the ALJ asked the VE what jobs could be performed by:
> [A] hypothetical individual less than 50 years of age with a high school diploma, prior relevant work same as the claimant who is limited to light work; occasional overhead with – only occasional overhead work and limited to unskilled work; simple repetitive tasks . . . and who, who has to have a job that would be permitted with someone who has seizure, seizure precautions that it would be no scaffolding or ladders, moving machinery, sharp objects; no driving a car or other vehicle.

Tr. 85-86.

[2] Pari-mutuel ticket sellers sell betting slips at race tracks.

2

Case No.: 11-CV-1332-LHK
ORDER DENYING ATTORNEY'S FEES AND COSTS

1   On September 26, 2012, the Court found that the VE testimony that the jobs of Cashier II,
2   Office Helper, Merchandise Marker, and Pari-mutuel Ticket Seller can be performed with only
3   "occasional overhead" reaching conflicted with the DOT description that these jobs require
4   "frequent" reaching. *See* Dkt. No. 32 at 9-10. Pursuant to Social Security Ruling 00-4p and
5   *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007), ALJs have an "affirmative responsibility"
6   to resolve potential conflicts between VE testimony and the DOT. In the instant case, the ALJ did
7   not resolve the potential conflict between "occasional overhead" versus "frequent" reaching. *See*
8   Dkt. No. 32 at 9-10. Therefore, the Court could not determine whether substantial evidence
9   supported the ALJ's finding that the Plaintiff was not disabled prior to September 22, 2009. *See id.*
10  at 10; *Massachi v. Astrue*, 486 F.3d at 1153. Accordingly, the Court vacated the ALJ's finding that
11  the Plaintiff was not disabled prior to September 22, 2009, and remanded for the limited purpose of
12  resolving the inconsistency between the VE testimony and the DOT. *See* Dkt. No. 32 at 10-11.
13  Plaintiff, having prevailed on his motion to vacate and remand, now moves for an award of
14  attorney's fees under the EAJA.

## II. LEGAL STANDARD

16  Under the EAJA, the prevailing party in a suit against the government is entitled to
17  attorneys' fees unless the court finds that the government's position was "substantially justified."
18  *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). Substantial justification "does not mean
19  'justified to a high degree,' but simply entails that the government must show that its position
20  meets the traditional reasonableness standard—that is, 'justified ... to a degree that could satisfy a
21  reasonable person.' " *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Pierce v.*
22  *Underwood*, 487 U.S. 552, 565 (1988)). A position can be substantially justified "even though it is
23  not correct . . . if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n. 2.

## III. ANALYSIS

25  Plaintiff argues that Defendant's position was not substantially justified because the ALJ
26  failed to comply with the clear Ninth Circuit law requiring ALJs to resolve possible conflicts
27  between VE testimony and the DOT pursuant to Social Security Ruling 00-4p. *See* Mot. at 3-4.
28  However, Defendant disputed whether a conflict existed. *See* Dkt. No. 24 at 7-9. Specifically,

3

1   Defendant reasoned that frequent reaching does not necessarily involve *any* overhead reaching.
2   Accordingly, Defendant argued that there was no conflict, and that therefore the VE's expertise
3   alone supports the ALJs reliance on the VE's testimony. *Id.*

4   Ultimately, the Court disagreed with Defendant. Social Security Ruling 00-4p and
5   *Massachi* require ALJs "to ask about any possible conflict." *Massachi*, 486 F.3d at 1153. The
6   Court found that a possible conflict existed. The Court found persuasive the Seventh Circuit's
7   reasoning in *Prochaska v. Barnhart*, which held that "[i]t is not clear . . . whether the DOT's
8   requirements [for frequent reaching] include reaching above shoulder level, and this is exactly the
9   sort of inconsistency the ALJ should have resolved with the expert's help." *Id.*, 454 F.3d 731, 736
10  (7th Cir. 2006). Plaintiff's motion for summary judgment cited several unpublished district court
11  cases within the Ninth Circuit that adopted similar reasoning, including *Jordan v. Astrue*, which the
12  Court cited in its order. *See* Dkt. No. 25 at 4-7; Dkt. No. 32 at 9-10 (citing *Jordan v. Astrue*, No.
13  09-CV-1559-MMA, 2010 WL 2816234, at *5 (S.D. Cal., May 4, 2010).

14  However, Defendant now cites other unpublished district court cases finding that an ALJ
15  was not required to enquire into the potential conflict between a DOT description that a job
16  requires "frequent" reaching and VE testimony that a job does not require significant reaching in a
17  particular direction. *See* Dkt. No. 30 at 3-4. For example, Defendant cites *Nelson v. Astrue*, which
18  held that the ALJ did not err in failing to resolve the "arguable" discrepancy between VE testimony
19  that a job could be performed without "overhead" or "full extension" reaching and the job's DOT
20  description requiring "frequent" reaching. *Id.*, No. 10-CV-0101, 2010 WL 4286316 at *3 (N.D.
21  Cal., October 22, 2010).

22  Although the Court ultimately disagreed with Defendant's position, the Court finds that
23  Defendant's position had a reasonable basis in law and fact. *Pierce*, 487 U.S. at 566 n. 2. District
24  courts throughout the Ninth Circuit have addressed similar factual scenarios in which an ALJ failed
25  to inquire into an alleged inconsistency between VE testimony that a job could be performed
26  without reaching in some specific direction and a DOT description that the job requires frequent
27  reaching. *See* Dkt. No. 30 at 3-4 (citing, e.g., *Nelson*, 2010 WL 4286316 at *3). The fact that
28  some courts have required the ALJ to investigate and resolve the alleged inconsistency, while other

4

Case No.: 11-CV-1332-LHK
ORDER DENYING ATTORNEY'S FEES AND COSTS

courts have not, suggests that these fact patterns present close questions. Accordingly, the Court finds that Defendant's position, although ultimately unpersuasive, was reasonable. Therefore, the Court DENIES Plaintiff's motion for an award of attorney's fees pursuant to the EAJA.

## IV. CONCLUSION

For the aforementioned reasons, the Court DENIES Plaintiff's motion for an award of attorney's fees pursuant to the EAJA.

**IT IS SO ORDERED.**

Dated: January 6, 2012

_____
LUCY H. KOH
United States District Judge

5
Case No.: 11-CV-1332-LHK
ORDER DENYING ATTORNEY'S FEES AND COSTS